FILED
CLERK
11/29/2016 3:13 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
THOMAS GESUALDI, LOUIS BISIGNANO, ANTHONY
D'AQUILA, MICHAEL O'TOOLE, MICHAEL BOURGAL, FRANK
H. FINKEL, JOSEPH A. FERRARA, SR., MARC HERBST, DENISE
RICHARDSON, and THOMAS CORBETT as Trustees and
fiduciaries of the Local 282 Welfare Trust Fund, the Local 282
Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local
282 Job Training Trust Fund, and the Local 282 Vacation and Sick
Leave Trust Fund,

                            Plaintiffs,

            -against-

METROPOLITAN ENTERPRISES, INC. and METROPOLITAN
ENTERPRISES, INC. d/b/a TARGET SCAFFOLDING a/k/a
TARGET SCAFFOLDING INC.,

                            Defendants.
----------------------------------------------------------------------x
```

**Memorandum of Decision & Order**
15-cv-1378 (ADS)(GRB)

<u>APPEARANCES:</u>

**Trivella & Forte, LLP**
*Attorneys for the Plaintiffs*
1311 Mamaroneck Ave., Suite 170
White Plains, NY 10605
     By:   Jonathan M. Bardavid, Esq.
              Gina E. Nicotera, Esq., Of Counsel

**Weinberg, Gross & Pergament, LLP**
*Attorneys for the Defendants*
400 Garden City Plaza, Suite 403
Garden City, NY 11530
     By:   Marc. A. Pergament, Esq., Of Counsel

**SPATT, District Judge:**

On March 17, 2015, the Plaintiffs Thomas Gesualdi, Louis Bisignano, Anthony D'Aquila, Michael O'Toole, Michael Bourgal, Frank H. Finkel, Joseph A. Ferrara, Sr., Marc Herbst, Denise Richardson, and Thomas Corbett, as trustees and fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds (collectively, the "Plaintiffs" or the "Funds") commenced this action under the provisions of the Employee Retirement Income Security

Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, alleging that the Defendants Metropolitan Enterprises, Inc. and Metropolitan Enterprises, Inc. d/b/a Target Scaffolding a/k/a Target Scaffolding Inc. (collectively, the "Defendants") failed to remit certain fringe benefit contributions to the Funds and submit to an audit, as they were required to do under the terms of collective bargaining agreements.

On April 23, 2015, the Defendants filed an answer, substantially denying the allegations in the complaint and asserting several affirmative defenses.

On June 8, 2015, counsel for both sides appeared for an initial conference with United States Magistrate Judge Gary R. Brown. Apparently, at that time, defense counsel advised the court that the Defendants had agreed to submit to an audit and otherwise cooperate with the Plaintiffs to resolve this matter. Accordingly, as reflected in the associated Civil Conference Minute Order, Judge Brown stayed the case for a period of 60 days and directed that, on or before August 7, 2015, the parties were to file a stipulation of discontinuance, or, alternatively, a status report.

On August 3, 2015, the Plaintiffs filed a status report, wherein they advised the court that the audit procedure was ongoing, and requested an extension of time until September 30, 2015 to discontinue the action or provide a further status report. Judge Brown granted this extension.

Again, on October 1, 2015, Judge Brown granted a second request by the Plaintiffs for additional time, until November 30, 2015, to complete the audit.

On November 30, 2015, the Plaintiffs filed a third status report, advising the court that the audit was still incomplete, but that the Defendants and defense counsel had ceased cooperating with the auditors. Accordingly, the Plaintiffs requested that Judge Brown enter a discovery schedule.

However, Judge Brown denied this request without prejudice to refiling upon proof that the parties satisfied the meet-and-confer requirement set forth in Local Civil Rule 37.3.

On December 23, 2015, the Plaintiffs filed a fourth status report detailing their attorney's efforts to confer with defense counsel in good faith to resolve this matter. However, according to Plaintiffs' counsel, his e-mail communications went unanswered and the documentation needed to

complete the audit, which had been repeatedly requested from the Defendants, remained outstanding.

On January 28, 2016, counsel for both sides appeared for a status conference with Judge Brown, at which time the court directed the Defendants to produce any requested documentation within 30 days. Judge Brown explicitly directed that, if the Defendants failed to comply, the Plaintiffs would be permitted to move for entry of a default judgment.

On March 21, 2016, namely, three weeks after the expiration of the court-ordered deadline, the Plaintiffs filed a letter advising the Court that the Defendants had failed to comply with Judge Brown's discovery order. Accordingly, the Plaintiffs requested leave to file a motion to strike the Defendants' answer and for the entry of a default judgment.

The Defendants failed to respond, and on April 4, 2016, Judge Brown granted this request.

On July 6, 2016, the Plaintiffs filed the present motion, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P.") 37, seeking to strike the Defendants' answer, and FED. R. CIV. P. 55, seeking to enter a default judgment against the Defendants.

To date, the Defendants have failed to respond.

"Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a court 'has broad discretion to impose sanctions' when a party engages in discovery misconduct." *Silverman & Silverman, LLP v. Pacifica Found.*, No. 11-cv-1894, 2014 U.S. Dist. LEXIS 102015, at *5 (E.D.N.Y. June 24, 2014) (Report and Recommendation) (quoting *Fleming v. City of N.Y.*, No. 01-cv-8885, 2006 U.S. Dist. LEXIS 55733, at *15 (S.D.N.Y. Aug. 9, 2006)), *adopted*, 2014 U.S. Dist. LEXIS 101717 (E.D.N.Y. Sept. 21, 2015).

In particular, among the types of sanctions available under Rule 37 are "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." *See* FED. R. CIV. P. 37 (b)(2)(A)(iii), (vi); *see also* FED. R. CIV. P. 55(a) (authorizing the court to enter a default judgment against a party for failing to "plead or otherwise defend").

Although "[u]se of the harshest sanctions 'is limited to cases involving 'willfulness, bad faith, or any fault' on the part of the disobedient party," *id.* at *7 (quoting *Altschuler v. Samsonite Corp.*, 109 F.R.D. 353, 356 (E.D.N.Y. 1986), it has been held that "a party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith or fault" to support the relief sought here. *Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002), *aff'd*, 93 F. App'x 328 (2d Cir. 2004).

With these standards in mind, and upon a review of the record in this case, the Court finds that striking the Defendants' answer and entering a default judgment against them is an appropriate sanction for their unexplained failure to comply with Judge Brown's discovery order, despite the court's clear warning that doing so may result in the entry of a default judgment. It is also an appropriate sanction based on the Defendants' broader refusal to meaningfully participate in this litigation, including by responding to the instant motion for almost five months. *See, e.g., Gumwand, Inc. v. Gum Wand, Ltd.*, No. 15-cv-707, 2016 U.S. Dist. LEXIS 155852 (E.D.N.Y. Oct. 13, 2016) (Report and Recommendation), *adopted*, 2016 U.S. Dist. LEXIS 154466 (E.D.N.Y. Nov. 4, 2016) (striking the answer and entering a default judgment against a party who failed to appear at a court-ordered conference and failed to communicate with the court, despite a clear warning that doing so may result in a recommendation that a default judgment be entered); *Silverman & Silverman, LLP*, 2014 U.S. Dist. LEXIS 102015 (striking the answer and entering a default judgment against a party who refused to provide dates for witness depositions; ceased communicating with his adversary; and failed to respond to the plaintiff's motion for sanctions); *Everhome Mortg. Co. v. Charter Oak Fire Ins. Co.*, No. 07-cv-98, 2011 U.S. Dist. LEXIS 105402 (E.D.N.Y. Apr. 18, 2011) (Report and Recommendation), *adopted*, 2011 U.S. Dist. LEXIS 102244 (E.D.N.Y. Sept. 12, 2011) (entering a default judgment against a party who consistently refused to respond to discovery requests; violated court orders; and ceased communicating with her counsel).

Accordingly, pursuant to its authority under FED. R. CIV. P. 37 and 55, and in its discretion, the Court grants the Plaintiffs' motion in all respects.

Therefore, the Defendants' answer is stricken and the Court finds them to be in default.

This matter is respectfully recommitted to Magistrate Judge Brown for a report and recommendation on damages, including the amount of costs and attorneys' fees to be assessed, and whether any other relief is warranted.

Dated: Central Islip, New York
November 29, 2016

/s/ *Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge