```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------x
THOMAS GESUALDI, LOUIS BISIGNANO, ANTHONY
D'AQUILA, MICHAEL O'TOOLE, MICHAEL BOURGAL, FRANK
H. FINKEL, JOSEPH A. FERRARA, SR., MARC HERBST, DENISE
RICHARDSON, and THOMAS CORBETT as Trustees and
fiduciaries of the Local 282 Welfare Trust Fund, the Local 282
Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local
282 Job Training Trust Fund, and the Local 282 Vacation and Sick
Leave Trust Fund,

                                Plaintiffs,

            -against-

METROPOLITAN ENTERPRISES, INC. and METROPOLITAN
ENTERPRISES, INC. d/b/a TARGET SCAFFOLDING a/k/a
TARGET SCAFFOLDING INC.,

                                Defendants.
----------------------------------------------------------------------------x
```

FILED
CLERK

9:47 am, Mar 17, 2017

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

Order
15-cv-1378(ADS)(GRB)

APPEARANCES:

**Trivella & Forte, LLP**
*Attorneys for the Plaintiffs*
1311 Mamaroneck Ave., Suite 170
White Plains, NY 10605
  By: Jonathan M. Bardavid, Esq.
     Gina E. Nicotera, Esq., Of Counsel

**Weinberg, Gross & Pergament, LLP**
*Attorneys for the Defendants*
400 Garden City Plaza, Suite 403
Garden City, NY 11530
  By: Marc. A. Pergament, Esq., Of Counsel

**SPATT, District Judge:**

  On March 17, 2015, the Plaintiffs Thomas Gesualdi, Louis Bisignano, Anthony D'Aquila, Michael O'Toole, Michael Bourgal, Frank H. Finkel, Joseph A. Ferrara, Sr., Marc Herbst, Denise Richardson, and Thomas Corbett, as trustees and fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds (the "Plaintiffs") commenced this action under the provisions of the Employee Retirement Income Security Act of 1974,

1

29 U.S.C. § 1001 *et seq.*, alleging that the Defendants Metropolitan Enterprises, Inc. and Metropolitan Enterprises, Inc. d/b/a Target Scaffolding a/k/a Target Scaffolding Inc. (the "Defendants") failed to remit certain fringe benefit contributions to the Plaintiffs' funds, and to submit to an audit, as they were required to do under the terms of collective bargaining agreements.

On April 23, 2015, the Defendants filed an answer, substantially denying the allegations in the complaint and asserting several affirmative defenses.

However, after nearly a year of the Defendants failing to comply with their discovery obligations, United States Magistrate Judge Gary R. Brown granted the Plaintiffs' request for permission to file a motion to strike the Defendants' answer and enter a default judgment.

On July 6, 2016, the Plaintiffs filed a motion, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 37, seeking to strike the Defendants' answer, and Fed. R. Civ. P. 55, seeking to enter a default judgment against the Defendants. The Defendants did not respond.

Thus, by Memorandum of Decision & Order dated November 29, 2016, this Court granted the Plaintiffs' motion in all respects, ultimately striking the Defendants' answer and finding them to be in default. Further, the Court recommitted the matter to Magistrate Judge Brown for a report and recommendation on damages, including the amount of costs and attorneys' fees to be assessed, and whether any other relief was warranted.

On March 1, 2017, Judge Brown issued a Report and Recommendation (the "R&R"), recommending that damages be awarded to the Plaintiffs as follows: $200,254.25 in unpaid contributions; $73,546.80 in accrued prejudgment interest through June 8, 2016; $73,546.80 in liquidated damages; $2,380 in audit fees; $7,234.75 in attorneys' fees; and $806.59 in costs, for a total damages award of $357,769.19.

On March 2, 2017, the Plaintiffs filed proof of service of the R&R on the Defendants.

More than fourteen days have elapsed since service of the R&R, and the Defendants have neither filed an objection nor requested an extension of time to do so. Therefore, pursuant to

28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result.

Accordingly, the March 1, 2017 Report and Recommendation is adopted in its entirety. The Clerk of the Court is respectfully directed to enter judgment in accordance with this Order, and to close this case.

It is **SO ORDERED:**

Dated: Central Islip, New York
March 17, 2017

*/s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge